Robert Novack
Mary L. Moore
EDWARDS ANGELL PALMER & DODGE LLP
One Giralda Farms
Madison, New Jersey  07940
(973) 520-2300
Attorneys for Defendants
 Chartis, Inc. and National Union Fire Ins. Co. of Pittsburgh, PA

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOLLY BAKKE, CHARLES CARUSO, ANGEL DENIS, FRANCISCO DOMINIQUEZ, JOSEPH GINARTE, ARTHUR GUIDA, LASZLO HAJDU-NEMETH, FREDERIC LEIGHTON, RAYMOND LESNIAK, ROBERTO MADAM, ANTONIA MARTINEZ, TONY MONTEIRO, FRANCISCO MEJIA, REMBERTO PEREZ, GEORGE THALODY, PHILIP WALDORF, and SAUL UNTER,<br><br>     Plaintiffs,<br><br>v.<br><br>CHARTIS, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>     Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br>**(Diversity of Citizenship)**<br><br><br><br><br><br><br>***Document Electronically Filed*** |

## TO THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES
## DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446(a), defendants

Chartis, Inc. and National Union Fire Insurance Company of Pittsburgh, Pa. ("Chartis"

and "NUFIC"), on this date filed this Notice of Removal of this civil action from the

Superior Court of New Jersey, Law Division, Middlesex County, to the United States

NWK 225941.1

District Court for the District of New Jersey, together with all process, pleadings and orders, as required by 28 U.S.C. § 1446(d), copies of which are annexed hereto and made part hereof.

This Notice of Removal defendants respectfully shows:

1.    That Chartis and NUFIC are named defendants in a civil action brought in the Superior Court of New Jersey, Law Division, Middlesex County, entitled "Holly Bakke, et al. v. Chartis, Inc. and National Union Fire Insurance Company of Pittsburgh, PA," Docket No. MID-L-9241-09.

2.    That this action was commenced on November 9, 2009 by plaintiffs Bakke, et al. ("Bakke"), by the filing of a Complaint ("the Complaint") in the Superior Court of New Jersey, Law Division, Middlesex County.

3.    On or about November 19, 2009, defendants received a copy of a Summons and Complaint attached hereto as Exhibit A.  It was through this Summons and Complaint that defendants first became aware thereof.  In filing this Notice of Removal, defendants do not waive any defects in service of process of the Summons and Complaint in this matter.  The aforesaid documents constitute all process, pleadings and orders received by defendants in this action.

4.    This Notice of Removal is timely filed, within 30 days of defendants' knowledge and/or first receipt of copies of the Summons and Complaint, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and (b), based on diversity-of-citizenship jurisdiction.

5.    In the Complaint, plaintiffs allege that defendants breached their insurance obligations to plaintiffs by failing to provide a defense and insurance coverage on behalf

of plaintiffs with regard to claims asserted in an underlying lawsuit entitled <u>December 1995 Investment Club, et al. v. First Americano Financial Corp., et al.</u>, MID-L-5517-09.

6.    On information and belief, each plaintiff in this action resided in New Jersey at the time of the filing of the <u>Bakke</u> Complaint, and continues to reside in New Jersey.

7.    The Complaint further alleges that Chartis and NUFIC are entities engaged in the business of insurance within the State of New Jersey; that Chartis is a Delaware corporation with a principal place of business in New York; and that NUFIC is a Pennsylvania corporation with a principal place of business in New York.

8.    Chartis and  NUFIC are not a citizens of the State of New Jersey.

9.    Upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  In their Complaint, plaintiffs seek substantial compensatory damages, consequential damages, indemnification for sums paid and/or expenses incurred, attorneys' fees and costs of suit.

10.    Therefore, this is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, of which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1332, and therefore may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

**WHEREFORE**, defendants respectfully request that this case proceed in its entirety in this Court as an action properly removed thereto.

s/Robert Novack
Robert Novack (RN4514)
EDWARDS ANGELL PALMER & DODGE LLP
One Giralda Farms
Madison, NJ 07940
(973) 520-2300

Dated: December 17, 2009

NWK 225941.1

# EXHIBIT A

NOV. 18. 2009  2:47PM    MCCARTER&ENGLISH        RECEIVED      NO. 6034  P. 3.

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone No.: 973.622.4444
Attorney(s) for Plaintiff(s)

SUPERIOR COURT OF NEW JERSEY
MIDDLESEX COUNTY
LAW DIVISION

HOLLY BAKKE, CHARLES CARUSO, ANGEL
DENIS, FRANCISCO DOMINIQUEZ, JOSEPH
GINARTE, ARTHUR GUIDA, LASZLO HAJDU-
NEMETH, FREDERIC LEIGHTON, RAYMOND
LESNIAK, ROBERTO MADAM, ANTONIA
MARTINEZ, TONY MONTEIRO, FRANCISCO
MEJIA, REMBERTO PEREZ, GEORGE
THALODY, PHILIP WALDORF, SAUL UNTER,

Plaintiff(s)

Docket No. 𝘿𝘶𝘤𝘭 9241-09

vs.

CHARTIS, INC., NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA

Defendant(s)

CIVIL ACTION

SUMMONS

AMERICAN HOME/CLAIMS LITIGATION

NOV 2 4 20

RECEIVED

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The
complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you
or your attorney must file a written answer or motion and proof of service with the deputy clerk of the
Superior Court in the county listed above within 35 days from the date you received this summons, not
counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.)
If the complaint is one in foreclosure, then you must file your written answer or motion and proof of
service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ
08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case
Information Statement (available from the deputy clerk of the Superior Court) must accompany your
answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's
attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A
telephone call will not protect your rights; you must file and serve a written answer or motion (with fee
of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment
against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered
against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.
A list of these offices is provided. If you do not have an attorney and are not eligible for free legal
assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A
list of these numbers is also provided.

Revised 7/1/2008, CN 10792
MEI 9269172v.1

Page 1 of 5

*/s/ Jennifer M. Perez*

Jennifer M. Perez
Acting Clerk of the Superior Court

DATED: November 9, 2009

Name of Defendant to be Served:        CHARTIS, INC.

Address of Defendant to be Served:     70 Pine Street
                                       New York, NY 10270

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House—1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Revised 7/1/2008, CN 10792
Revised 07/2009, CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

NOV. 18. 2009   2:48PM     MCCARTER&ENGLISH                                    NO. 6034    P. 8

                                                          N J                  COURT
                                                          MIDDLESEX VICINAGE

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street                                            09 NOV -9 PM 1:57
Newark, NJ 07102
973-622-4444
Attorneys for Plaintiffs

                                                                  FILED & RECEIVED

HOLLY BAKKE, CHARLES CARUSO,          :  SUPERIOR COURT OF NEW JERSEY,
ANGEL DENIS, FRANCISCO                :  LAW DIVISION:
DOMINIQUEZ, JOSEPH GINARTE,           :  MIDDLESEX COUNTY
ARTHUR GUIDA, LASZLO HAJDU-           :
NEMETH, FREDERIC LEIGHTON,            :
RAYMOND LESNIAK, ROBERTO              :  Docket No. 6-4d-1-9241-09
MADAM, ANTONIA MARTINEZ, TONY         :
MONTEIRO, FRANCISCO MEJIA,            :
REMBERTO PEREZ, GEORGE                :
THALODY, PHILIP WALDORF, SAUL         :
UNTER,                                :
                                      :
          Plaintiffs,                 :
                                      :
     v.                               :
                                      :    COMPLAINT
                                      :
CHARTIS, INC., NATIONAL UNION FIRE    :
INSURANCE COMPANY OF                  :
PITTSBURGH, PA,                       :
                                      :
          Defendants.                 :

Plaintiffs, Holly Bakke, Angel Denis, Charles Caruso, Francisco Dominiquez, Joseph

Ginarte, Arthur Guida, Laszlo Hajdu-Nemeth, Frederic Leighton, Raymond Lesniak, Roberto

Madam, Antonia Martinez, Francisco Mejia, Tony Monteiro, Remberto Perez, George Thalody,

Phillip Waldorf, and Saul Unter, as and for their Complaint against Defendants, Chartis, Inc.

("AIG") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"),

herein alleges as follows:

ME1 9149554v.1

### Nature of the Action

1.    Plaintiffs seek damages, including consequential and/or punitive damages, arising from Defendants' breach of contractual and good faith obligations to Plaintiffs under AIG Executive Policy, No. 01-540-51-45 ("AIG Policy") and further seek a declaratory judgment adjudicating the parties' respective rights, duties, and obligations under the AIG Policy.

### Parties

2.    Plaintiff Holly Bakke is the former President and Chief Executive Officer of First Bank Americano ("First Bank").

3.    Plaintiff Charles Caruso is the former Senior Vice President and Compliance Officer of First Bank.

4.    Plaintiff Angel Denis is the former Senior Vice President and Chief Financial Officer of First Bank.

5.    Plaintiff Francisco Domíniquez is the former Member of the Board of Directors of First Bank.

6.    Plaintiff Joseph Ginarte is the former Chairman of the Board of Directors of First Bank.

7.    Plaintiff Arthur Guida is the former Member of the Board of Directors of First Bank.

8.    Plaintiff Laszlo Hajdu-Nemeth is the former Senior Vice President and Compliance Officer of First Bank.

9.    Plaintiff Frederic Leighton is the former Member of the Board of Directors of First Bank.

2

10.     Plaintiff Raymond Lesniak is the former Vice Chairman of the Board of Directors of First Bank.

11.     Plaintiff Roberto Madom is the former Member of the Board of Directors of First Bank.

12.     Plaintiff Antonia Martinez is the former Senior Vice President and Branch Administrator of First Bank.

13.     Plaintiff Tony Monteiro is the former Member of the Board of Directors of First Bank.

14.     Plaintiff Francisco Mejia is the former Member of the Board of Directors of First Bank.

15.     Plaintiff Remberto Perez is the former Member of the Board of Directors of First Bank.

16.     Plaintiff George Thalody is the former Member of the Board of Directors of First Bank.

17.     Plaintiff Philip Waldorf is the former Member of the Board of Directors of First Bank.

18.     Plaintiff Saul Unter is the former Member of the Board of Directors of First Bank.

19.     Defendant Chartis is a corporation owned by the American International Group ("AIG"). Chartis transacts business in New Jersey and/or handles claims involving events that transpired in New Jersey. It is incorporated under the laws of the State of Delaware, with a principal place of business at 175 Water Street, 5th Floor, New York, NY 10038.

3

ME1 9149554v.1

20.    Defendant National Union transacts business in New Jersey and is licensed in the State of New Jersey. It is incorporated under the laws of the State of Pennsylvania, with a principal place of business at 175 Water Street, 5th Floor, New York, NY 10038.

## I.    Facts

*The Policy*

21.    Plaintiffs, as set forth above, are former directors and officers of First Bank, a community bank engaged in the business of commercial and retail banking in the State of New Jersey, headquartered at 339 N. Broad St., Elizabeth, New Jersey.

22.    First Bank, during the time that Plaintiffs served as its directors and officers, was owned by First Americano Financial Corporation ("FAFC"), a New Jersey corporation and holding company.

23.    National Union sold to FAFC the AIG Policy, for the period from January 30, 2009 through January 30, 2010 ("Policy").

24.    The AIG Policy includes three coverage sections: (1) Fiduciary Liability Insurance ("FLI Coverage Section"), (2) Bankers Professional Liability Insurance ("BPL Coverage Section"), and (3) Directors, Officers, and Private Financial Institution Liability Insurance, including Coverage A: Individual Insured Insurance, Coverage B: Private Company Insurance, and Coverage C: Investigation Costs for Derivative Claims ("D&O Coverage Section").

25.    Under the BPL Coverage Section, National Union is required to "pay the Loss of each and every Insured arising from a Claim... for any Wrongful Act of the Insured in the rendering of or failure to render Professional Services."

4

26.     Under Coverage A of the D&O Coverage Section, National Union is required to "pay the Loss of each and every Individual Insured arising from a Claim... for any Wrongful Act of such Individual Insured...."

27.     The Policy defines "Loss" in relevant part as "damages, judgments,..., settlements and Defense Costs."

28.     The Policy defines "Claim" in relevant part as "a civil... proceeding for monetary, non-monetary, or injunctive relief which is commenced by service of a complaint or similar pleading."

29.     The Policy defines "Wrongful Act" in relevant part as "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act with respect to Directors or Officers... by such Director or Officer... in his or her capacity as such or any matter claimed against such Director or Officer... solely by reason of his or her status as such."

30.     The Policy defines "Professional Services" in relevant part as services including the "servicing of any loan."

31.     The Policy defines "Individual Insured" in relevant part as "Director(s) or Officer(s)."

32.     The Policy defines "Insured" in relevant part as "any Individual Insured."

33.     As directors and officers of FAFC, Plaintiffs are entitled to coverage under the Policy for damages, judgments, settlements, and defense costs arising out of a claim for their *actual or alleged* breach of duty, neglect, error, misstatement, misleading statement, omission or act in their capacities as director or officers.

5

*The Underlying Action*

34.     Plaintiffs, together with First Bank, FAFC, and the Federal Deposit Insurance Company ("FDIC") are defendants in an action styled *December 1995 Investment Club, et al. v. First Americano Financial Corp., et al.*, Superior Court of New Jersey, Middlesex County, No. L-5517-09 ("Underlying Action").

35.     The Underlying Action generally alleges that First Bank suffered certain losses, which caused a merger with JJR Holding Company, Inc. ("JJR"), a holding company for Crown Bank, and subsequently, when JJR pulled out of the merger deal, the closure of First Bank by the Department of Banking and the appointment of the FDIC as receiver.

36.     The Underlying Action was brought on or about June 29, 2009 by way of Verified Complaint; Jury Demand; Designation of Trial Counsel; and Certification ("Underlying Complaint"). The Underlying Complaint asserts causes of action against Plaintiffs for breach of fiduciary duty; lack of fairness in the merger; and breach of fiduciary duty of disclosure in connection with the merger.

37.     On or about September 16, 2009, the Underlying Complaint was amended and styled Verified First Amended Complaint; Jury Demand; Designation of Trial Counsel and Certification ("Underlying Amended Complaint"). The Underlying Amended Complaint also alleges causes of action against Plaintiffs for breach of fiduciary duty; lack of fairness in the merger; and breach of fiduciary duty of disclosure in connection with the merger. The Underlying Amended Complaint alleges additional counts for activities subsequent to the filing of the complaint; breach of fiduciary duty; and breach of contract and bad faith by defendant JJR.

*Chartis' Denial of Coverage*

38.     Plaintiffs promptly notified and tendered the Underlying Complaint in accord with the notice provisions of the AIG Policy to National Union and requested that National Union honor its duties to defend and indemnify Plaintiffs under the Policy.

39.     After almost two months, by letter dated September 18, 2009, Chartis, which assumed claims handling responsibilities for National Union, denied that the AIG Policy provided coverage for the Underlying Action.

40.     By letter dated September 22, 2009, Plaintiffs notified and tendered Underlying Amended Complaint to National Union, through Chartis, and again requested that National Union honor its duties to defend and indemnify Plaintiffs under the AIG Policy.

41.     On October 30, 2009, Chartis advised through an oral conversation that its denial remained unchanged and that any further elaboration on the reasoning stated in its September 18, 2009 letter was "unnecessary."

42.     The Underlying Action alleges breaches of duty, neglect, error, misstatement, misleading statement, omission or act against Plaintiffs in their capacities as director or officers during the term of the Policy.

43.     Plaintiffs have complied with any conditions requisite to coverage for the Underlying Action under the Policy.

44.     National Union and Chartis have, in breach of their duties and obligations to Plaintiffs under the Policy, denied and failed to honor their obligation to defend Plaintiffs and/or to pay Plaintiffs' defense costs and liabilities arising from the Underlying Action.

45.     The sole basis for the denial stated by Chartis is Endorsement 15, an exclusionary provision. The denial is based upon an overbroad reading of the Endorsement that is not in

7

conformity with its terms or the intent and expectations of the parties. Chartis' application of the

Exclusion would *inter alia* render coverage under the AIG Policy illusory.

46.     National Union and Chartis have, in breach of their duty of good faith and fair

dealing to Plaintiffs, failed to properly analyze Plaintiffs' claim and/or refused for no fairly

debatable reason to defend Plaintiffs against and to indemnify Plaintiffs for any judgment,

settlement, or other liabilities, if any, arising from the Underlying Action.

47.     As a direct and proximate result of the foregoing, Plaintiffs have been and will

continue to be damaged and otherwise deprived of benefits to which they are entitled and they

have incurred substantial actual damages in an amount to be determined at trial, which damages

are continuing.

### Count I
*Breach of Contract*

48.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth

herein.

49.     Any conditions requisite to coverage for the Underlying Action under the Policy

have been satisfied or waived.

50.     Plaintiffs have incurred and will continue to incur substantial costs and expenses

to defend the Underlying Action.

51.     Plaintiffs may incur additional liability for damages arising from the Underlying

Action through settlement, judgment, and/or otherwise.

52.     In breach of the AIG Policy, National Union and Chartis have failed to honor

and/or have disputed their obligation to defend Plaintiffs and/or to pay Plaintiffs' defense costs

arising from the Underlying Action.

53.    In breach of its insurance contract, National Union and Chartis refuse to pay any sums Plaintiffs may become obligated to pay by reason of liability for damages, either by way of settlement, judgment, or otherwise in connection with the Underlying Action.

54.    By reason of National Union's and Chartis' breaches of their obligations under the AIG Policy, Defendants are liable to Plaintiffs for money damages for costs and payments which Plaintiffs have made or incurred, and may make or incur, as a result of the Underlying Action, whether by defense, judgment, settlement, and/or otherwise, together with the costs and disbursements of this action including but not limited to reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against National Union and Chartis and in favor of Plaintiffs, and grant the following relief:

a.    award plaintiffs compensatory and consequential damages in an amount to be determined at trial;

b.    award Plaintiffs their costs, expenses, and attorneys' fees incurred herein including without limitation all amounts due under R. 4:42-9(a)(6); and

c.    grant such other and further relief as the Court deems just and proper.

### Count II
*Breach of the Duty of Good Faith and Fair Dealing*

55.    Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

56.    Despite Plaintiffs' request for coverage for the Underlying Action and despite the terms of the AIG Policy requiring National Union and Chartis to provide coverage to Plaintiffs for the Underlying Action, Chartis, for no fairly debatable reason, refuses to provide Plaintiffs with a defense or fund Plaintiffs' defense and indemnity costs and have refused to acknowledge

9

their contractual obligation to provide or fund such a defense and indemnity in connection with the Underlying Action.

57.     The Policy imposes on National Union and Chartis a duty of good faith and fair dealing with respect to any insurance coverage claims submitted by Plaintiffs.

58.     National Union and Chartis breached their duty of good faith and fair dealing because they had no fairly debatable reason for refusing to defend Plaintiffs, reimburse Plaintiffs for defense costs, or indemnify Plaintiffs for any judgment, settlement, or other liabilities, if any, arising from the Underlying Action.

59.     As a result of National Union's and Chartis' breach of its duty of good faith and fair dealing, Plaintiffs are entitled to recover money damages and extra-contractual relief, not limited to the Policy limits, for costs and payments which may be made or incurred by Plaintiffs whether by defense, judgment, settlement, or otherwise, together with the costs and disbursements of this action, including but not limited to reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against National Union and Chartis and in favor of Plaintiffs, and grant the following relief:

a.     award Plaintiffs compensatory, consequential, and punitive damages in an amount to be determined at trial;

b.     award Plaintiffs their costs, expenses, and attorneys' fees incurred herein including without limitation all amounts due under 4:42-9(a)(6); and

c.     grant such other and further relief as the Court deems just and proper.

10

### Count III
#### Declaratory Judgment

60.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

61.     Any conditions requisite to coverage for the Underlying Action under the AIG Policy have been satisfied or waived.

62.     National Union and Chartis must reimburse Plaintiffs for defense costs Plaintiffs have incurred and will incur by reason of the allegation in the Underlying Action.

63.     National Union and Chartis also must pay, on behalf of Plaintiffs, any sums Plaintiffs may become obligated to pay by reason of liability for damages, either by way of settlement, judgment, or otherwise in connection with the Underlying Action.

64.     National Union and Chartis have failed to honor and/or has disputed its obligation to defend Plaintiffs, to pay Plaintiffs' defense costs, and/or to indemnify Plaintiffs for any judgment, settlement, or other liabilities arising from the Underlying Action.

65.     By reason of the foregoing, an actual and justiciable controversy exists between Plaintiffs and National Union and Chartis regarding their duties and obligations under the Policy and a judicial declaration is necessary to determine Plaintiffs' rights and National Union's and Chartis' duties regarding the Underlying Action.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against National Union and Chartis and in favor of Plaintiffs and grant the following relief:

a.     declare that Plaintiffs are entitled to defense and indemnification under the Policy for any costs, expenses, judgments, settlements, liabilities, and/or other loss that they have incurred or may incur in the future in connection with the Underlying Action;

11

b.      adjudge, determine, and declare that Plaintiffs are entitled to the costs and

disbursements of this action including but not limited to reasonable attorneys' fees and costs, and

pre-judgment and post-judgment interest; and

c.      grant such other relief as the Court deems just and proper.

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102 .
973-622-4444

Attorneys for Plaintiffs

By: Brian J. Osias, Esq.

Dated: November 9, 2009

12

ME1 9149554v.1

## JURY DEMAND

Plaintiffs hereby demands trial by jury of all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Brian J. Osias is hereby designated trial counsel.

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-622-4444

Attorneys for Plaintiffs

By: Brian J. Osias, Esq.

Dated: November 9, 2009

13

MEI 9149554v.1

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject matter of any other action

pending in any other court or any arbitration proceeding, nor is any other action or arbitration

proceeding contemplated. I further certify that no other parties should be joined in this action.

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-622-4444

Attorneys for Plaintiffs

By: Brian J. Osias, Esq.

Dated: November 9, 2009